# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA D. LONG, | CIVIL ACTION |
| Plaintiff, | No. 08-1787 |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**MEMORANDUM/ORDER**

Plaintiff Sylvia Long appeals for the second time from a final decision of the Commissioner of Social Security holding that she is not disabled and therefore not eligible for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. On October 28, 2009, United States Magistrate Judge Lynne A. Sitarski filed a Report and Recommendation ("R&R") recommending that plaintiff's request for review be granted, the Commissioner's decision vacated, and the case remanded to the Commissioner for an award of benefits. For the reasons which follow, I will approve and adopt Judge Sitarski's R&R in part, and not approve and not adopt it in part.

The relevant procedural history of this case dates to March 24, 2006. On that date,

1

an administrative law judge ("ALJ") denied plaintiff's application for benefits. The Appeals Council thereafter denied plaintiff's request for review. Plaintiff appealed to this court, and Magistrate Judge Timothy R. Rice issued an R&R recommending that the matter be remanded to the Commissioner for further proceedings to correct multiple errors by the ALJ. While Judge Rice found that the ALJ's conclusion that plaintiff's physical "impairment was not severe was based on substantial evidence in an adequate record," R. at 358, he concluded that the ALJ's findings as to Long's psychological impairments could not be upheld for three reasons, *see id.* at 341-42. First, Judge Rice held that "the ALJ's rejection of [the opinion of Dr. Farrell Lines, plaintiff's treating psychiatrist] was not supported by substantial evidence" and that Dr. Lines's December 2005 "assessment was entitled to controlling weight." *Id.* at 353. Second, Judge Rice determined that the ALJ improperly "fail[ed] to acknowledge" that Dr. Lines had assessed plaintiff's Global Assessment of Functioning ("GAF") rating[1] as 50 – a score that "denotes serious impairment in social or occupational functioning" – "on three separate occasions." *Id.* at 354. Finally, Judge Rice noted that the ALJ "failed to state any specific reasons for discrediting Long" and recommended that such reasons should be provided on remand. *Id.* at 355. In a memorandum dated August 17, 2007, I approved

---

[1] As Judge Rice explained, a GAF rating "is a subjective determination of the physician's judgment (on a 100-point scale) of the claimant's overall ability to function on that particular day, excluding physical and environmental impairments." R. at 342 n.1 (citing *Diagnostic and Statistical Manual of Mental Disorders IV-TR*, at 34 (4th ed. 2000)).

and adopted Judge Rice's R&R. In so doing, I specifically noted my agreement with both (1) Judge Rice's "analysis" of the ALJ's treatment of Dr. Lines's testimony, and (2) "the R&R's conclusion that the ALJ improperly rejected" that testimony. *Id.* at 362.

On remand, the ALJ again concluded that plaintiff was ineligible for benefits and again declined to afford Dr. Lines's December 2005 testimony controlling weight. *See id.* at 281-84, 286. Plaintiff again appealed to this court, and I referred the case to Judge Sitarski. Judge Sitarski's R&R concludes that the ALJ "misinterpreted the remand order" by failing to give controlling weight to Dr. Lines's testimony and, as a result, that "the ALJ's decision is not supported by substantial evidence." R&R at 14. Further, because "a return to the administrative process would prolong waiting and delay the receipt of benefits," Judge Sitarski recommends vacating the Commissioner's decision and remanding this case to the Commissioner for the award of benefits. *Id.* at 15.

The Commissioner has timely raised two objections to Judge Sitarski's R&R. First, the Commissioner argues that the ALJ did not, in fact, misinterpret the remand order. This argument is, in essence, that Judge Rice's R&R did not mean what it said. As the Commissioner admits, Judge Rice stated that because "Dr. Lines' assessment did not conflict with other medical evidence," it "was entitled to controlling weight." R. at 353.[2]

---

[2] This conclusion appears in Judge Rice's R&R at least three times. *See also* R. at 353 ("[T]he December 16, 2005 assessment should have been given controlling weight."); *id.* at 342 n.2 ("On remand, the ALJ must reconsider Long's impairment as supported by the record, *including Dr. Lines' December 16, 2005 assessment*.") (emphasis added).

3

Nevertheless, the Commissioner argues that Judge Rice "could not have intended this statement to be a narrow directive, upon remand, to give controlling weight to Dr. Lines' assessment," "because to do so would be the equivalent of making a finding of fact beyond the Court's scope of review." Def.'s Objections, at 4.

Judge Rice's directive, however, was not a "finding of fact." The standard for determining whether or not a treating doctor's testimony should be given controlling weight, set out in 20 C.F.R. § 416.927(d)(2),[3] is a *legal* standard. *See, e.g.*, *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Lancaster v. Comm'r of Soc. Sec.*, 228 Fed. Appx. 563, 576 (6th Cir. 2007). Accordingly, the conclusion that a doctor's assessment does or does not meet the applicable standard is a legal conclusion. *See, e.g.*, *Walterich v. Astrue*, 578 F. Supp. 2d 482, 513 n.11 (W.D.N.Y. 2008); *Bonet v. Astrue*, No. 05-cv-2970, 2008 WL 4058705, at *22 (S.D.N.Y. Aug. 22, 2008); *Mustain v. Shalala*, No. 95-cv-30011, 1996 WL 131131, at *4 (D. Mass. Mar. 21, 1996). While the question of whether or not there are inconsistencies between Dr. Lines's analysis and either his treatment notes or other medical evidence is one of fact, Judge Rice determined that there was no substantial evidence of such inconsistencies in the record. *See* R. at 353. This

---

[3] 20 C.F.R. § 416.927(d)(2) provides that "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." In this context, "we" means the Social Security Administration, and "your" refers to the applicant for benefits. *Id.* § 416.902.

finding, in turn, grounded Judge Rice's legal conclusion that Dr. Lines's assessment deserves controlling weight.

Moreover, Judge Rice's conclusion did not exceed the scope of permissible judicial review. In support of his objection, the Commissioner cites the general statement in *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005), that "[i]n the process of reviewing the record for substantial evidence, [a court] may not 'weigh the evidence or substitute [its own] conclusions for those of the fact-finder.'" *Id.* at 552 (quoting *Williams v. Sullivan*, 970 F.2d 1172, 1182 (3d Cir. 1992)). This directive concerning the limits of a court's review of the record for substantial evidence, however, has no application to the legal conclusions of the ALJ, over which courts exercise plenary review. *See, e.g.*, *Kelley v. Comm'r of Soc. Sec.*, 566 F.3d 347, 349 (3d Cir. 2009). In fact, several courts of appeals – including the Third Circuit – have, in both published and unpublished dispositions, either held that the failure to give controlling weight to a treating doctor's assessment constituted error or remanded with specific directions to afford controlling weight to the treating doctor's assessment. *See, e.g.*, *Brickhouse v. Astrue*, 331 Fed. Appx. 875, 877 (2d Cir. 2009); *Ritchotte v. Astrue*, 281 Fed. Appx. 757, 759 (9th Cir. 2008); *Holler v. Barnhart*, 102 Fed. Appx. 742, 745 (3d Cir. 2004); *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *McCain v. Director, Office of Workers Comp. Programs*, 58 Fed. Appx. 184, 201 (6th Cir. 2003). Accordingly, the Commissioner's first objection will be overruled.

The Commissioner's second and final objection argues that "substantial evidence supports the ALJ's decision that Dr. Lines' December 2005 medical assessment was not entitled to controlling weight." Def.'s Objections, at 6. In other words, the Commissioner asks this court to revisit Judge Rice's holding – which I previously adopted – that "the ALJ's rejection of Dr. Lines' opinion was not supported by substantial evidence." R. at 353.

The conclusion that substantial evidence does not support the ALJ's decision is, however, the law of the case. "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Pub. Interest Res. Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) (quoting Wright, Miller, & Cooper, *Federal Practice and Procedure* § 4478, at 788 (1981)). While this appeal is technically docketed as a separate case from plaintiff's first appeal, the issue presented is identical, and "remand directions" in SSI cases qualify as the law of the case in subsequent proceedings. *Key v. Sullivan*, 925 F.2d 1056, 1061 (7th Cir. 1991); *accord Arroyo v. Astrue*, No. 07-cv-5027, 2008 WL 4288135, at *2 (E.D. Pa. Sept. 18, 2008) ("Courts applying the law of the case doctrine examine the decision of the district court or the report and recommendation by the magistrate judge, and the scope of the remand order.").[4] Since the doctrine

---

[4] *Key* and *Arroyo* hold that ALJs are bound by the law of the case on remand, but I find no reason why law of the case principles should not apply on an appeal following remand.

applies, this court is "'loathe to [revisit prior decisions] in the absence of extraordinary circumstances.'" *Pub. Interest Res. Group*, 123 F.3d at 116 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Extraordinary circumstances "include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Pub. Interest Res. Group*, 123 F.3d at 116.

Nothing in the Commissioner's objections suggests that such circumstances exist in this case. Much of the evidence relied on in the Commissioner's objections was available at the time of plaintiff's first appeal *and* was (a) relied on in the ALJ's first decision, (b) relied on by the Commissioner's brief on the first appeal, and/or (c) expressly considered in Judge Rice's R&R. Almost all of the remaining evidence cited by the Commissioner consists of more recent instantiations of facts in evidence at the first hearing – as, for example, with defendant's invocation of the fact that more recent treatment notes, as well as Dr. Lines's notes, describe plaintiff as well-dressed. The two exceptions – the facts that plaintiff timely arrived for her psychiatric sessions and took a vacation in August 2005 – do not demonstrate that Judge Rice's analysis was clearly erroneous. Nor do these facts constitute new evidence that "differs materially from the evidence of record," *Hamilton v. Levy*, 322 F.3d 776, 787 (2003): Both plaintiff's timeliness, *see, e.g.*, R. at 131-61, and the fact that plaintiff visited relatives in South Carolina, *id.* at 144, were matters of record at the time of the prior appeal.

7

The ALJ's second decision does include two facts – not relied on by the Commissioner – that were not available at the time of the first appeal. Specifically, the ALJ notes that (1) plaintiff attended both a Christmas party and a birthday party in 2006, and (2) plaintiff's new treating psychiatrist recommended that she "find new outlets." *Id*. at 285-86. This evidence, however, is also not materially different from the evidence before Judge Rice, which showed that plaintiff engaged in occasional social activities and had been encouraged to volunteer by Dr. Lines. The current record as it pertains to the question of whether Dr. Lines's assessment is entitled to controlling weight is, in other words, "substantially similar" to the record on plaintiff's previous appeal. *Hamilton*, 322 F.3d at 787. As a result, the Commissioner's second objection will be overruled as precluded by the law of the case.

The Commissioner has not objected to Judge Sitarski's recommendation that, in light of the controlling weight to be afforded to Dr. Lines's opinion, a remand for benefits is in order. Judge Sitarski is correct that outright reversal and a remand for a benefit determination may be "appropriate when a return to the administrative process would prolong waiting and delay the receipt of benefits," R&R at 15 – especially when, as here, the process has already consumed five and a half years and included "numerous errors" by the ALJ. *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984).

Nevertheless, a remand for a benefit determination "should be made only when the administrative record of the case has been fully developed and when substantial evidence

8

on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Id.* at 221-22. The R&R does not consider these issues, and because Dr. Lines's December 2005 assessment does not directly opine that plaintiff is disabled, the question of whether substantial evidence "indicates that [plaintiff] is disabled" is, in turn, affected by the validity or invalidity of plaintiffs' remaining arguments in support of her request for review, which the R&R held to be "moot." R&R at 14 n.8. Accordingly, this court will not adopt the portion of the R&R recommending remand for a determination of benefits, but will instead remand this matter to Judge Sitarski for a supplemental R&R considering (1) plaintiff's remaining arguments in support of her request for review, and (2) whether substantial evidence in a fully developed record dictates a finding that plaintiff is disabled.

## ORDER

**AND NOW**, this 21st day of December, 2009, after consideration of plaintiff's Brief and Statement of Issues in Support of Her Request for Review (docket no. 9), defendant's Response (docket no. 10), and plaintiff's Reply (docket no. 11), and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (docket no. 13), and the record in this matter, upon de novo review of those portions of the R&R objected to by the Commissioner (docket no. 14) and consideration of plaintiff's response to defendant's objections (docket no. 15), and for the reasons stated in the foregoing memorandum, it is hereby **ORDERED** that:

(1) The Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski is **APPROVED AND ADOPTED IN PART** and **NOT APPROVED AND NOT ADOPTED IN PART**;

(2) The Commissioner's objections are **OVERRULED**; and

(3) The matter is **REMANDED** to Judge Sitarski for a Supplemental Report and Recommendation addressing (a) plaintiff's remaining assignments of error, and (b) whether substantial evidence in a fully developed record dictates a finding that plaintiff is disabled.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.