# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA D. LONG,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 08-1787 |

**MEMORANDUM**

July 30, 2010                                       Pollak, J.

   On March 30, 2010, United States Magistrate Judge Lynne A. Sitarski filed a Supplemental Report and Recommendation granting plaintiff Sylvia Long's request for review, recommending that the final decision of the Commissioner of Social Security ("Commissioner") be vacated and reversed and remanding this matter for the award of benefits. No objections were filed by either party. Upon consideration of the record of the proceedings before the Administrative Law Judge (ALJ), the submissions by the parties, and the Supplemental Report and Recommendation ("R&R"), this court approves and adopts Magistrate Judge Sitarski's Supplemental Report and Recommendation.

   The relevant facts in this case are set out in the R&R and, thus, I only summarize

them briefly herein. On March 16, 2004, plaintiff applied for Supplemental Security Income ("SSI") alleging that she had been disabled since May 1, 1997, due to mental impairments. Those benefits were denied. Plaintiff's request for an administrative hearing was granted and a hearing was held on December 19, 2005, during which time plaintiff and a vocational expert, Richard Slavin, testified. On March 24, 2006, the ALJ denied plaintiff's claim.

Plaintiff then appealed to this court. On June 26, 2007, Magistrate Judge Timothy R. Rice issued an R&R recommending that the matter be remanded for further proceedings to correct multiple errors by the ALJ. On August 17, 2007, I approved and adopted the Report and Recommendation ordering that the case be remanded for further consideration consistent with the Report and Recommendation.

The matter was remanded to the ALJ who conducted a second hearing on January 16, 2008, and issued a new decision denying benefits on February 15, 2008. Plaintiff appealed this second denial of benefits. The matter was then referred to Magistrate Judge Sitarski who issued an R&R on October 28, 2009 recommending reversal of the ALJ's decision and further recommending the award of benefits. On November 10, 2009, defendant filed objections to Judge Sitarski's R&R. On December 22, 2009, I issued a Memorandum/Order adopting in part Judge Sitarski's R&R. Docket No. 16. However, I remanded the matter to Magistrate Judge Sitarski for a supplemental R&R to address plaintiff's remaining assignments of error and whether a remand solely for a

determination of benefits was appropriate. *Id.* On March 30, 2010 Judge Sitarski issued the present supplemental R&R recommending a remand to the ALJ solely for a determination of benefits..

In dispute is the ALJ's assessment under Step 5–whether there is other work that plaintiff can perform in the national economy–in the 5-step sequential evaluation used to determine whether plaintiff is disabled, and thus entitled to benefits.[1] The ALJ concluded that, because plaintiff can perform other work in the national economy, plaintiff is not disabled. Plaintiff argued that the ALJ erred because: (1) the ALJ's Residual Functioning Capacity (RFC) assessment–which determines what tasks an individual is

---

[1] Under 20 C.F.R. § 404.1520 (a)(4) there is a five-step analysis for determining whether an individual is entitled to disability benefits:

> At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your pastJune 28, 2010 relevant work, we will find that you are not disabled. At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (a)(4)(I)-(v) (references to other regulations omitted).

3

still able to perform despite her impairment–failed to include all of the evidence of record, particularly plaintiff's response to the stressful demands of work, (2) the ALJ relied upon the Vocational Expert's (VE) response to a hypothetical that did not fully explain the extent of plaintiff's disability, and (3) the ALJ improperly rejected the opinions of plaintiff's treating physicians and failed to follow the court's mandate to give controlling weight to Dr. Lines's December 2005 assessment.

In her Supplemental Report and Recommendation, Magistrate Judge Sitarski found that: (1) the ALJ's RFC assessment failed to properly evaluate some of the evidence of the record that impacts the disability inquiry, primarily a) Dr. Lines's 2005 assessment that plaintiff has "poor or no" ability to deal with work related stresses and b) plaintiff's Global Assessment of Functioning (GAF) score of 50,[2] (2) the VE hypothetical used by the ALJ to determine what type of work plaintiff could perform did not convey all of plaintiff's limitations, and (3) the ALJ's determination that plaintiff's testimony was not credible is not supported by substantial evidence as Dr. Lines's and Dr. Kloos's treatment notes corroborate the symptoms and limitations that the ALJ discounted. Finally, the R&R concluded that remand solely to determine benefits is appropriate as "the administrative record has been fully developed and [as] substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *See*

---

[2] The GAF assesses an individual's psychological, social, and occupational functioning, with a score of 1 being the lowest and a score of 100 being the highest.

*Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Despite the conclusion that the VE on direct examination had failed to present a proper hypothetical, the R&R concludes that remand is appropriate as the plaintiff's questioning of the VE provided a valid hypothetical, incorporating a sufficient amount of her limitations, which led the VE to correctly conclude that she is unable to perform unskilled work.

The parties have not presented any objections. After reviewing the record, having given "reasoned consideration to the magistrate's report before adopting it as the decision of the court," this court approves and adopts Judge Sitarski's R&R. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The R&R did not err in finding that substantial evidence exists in the record that shows plaintiff is disabled. It also did not err in finding the record fully developed as the VE concluded that the plaintiff was unable to perform even unskilled work when presented with an adequate hypothetical. Thus, a finding that plaintiff is disabled and a remand solely for a determination of benefits is proper. An appropriate order follows.